**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------

**ROBERT MASON,**

                    **Plaintiff,**                09 Civ. 7307 (JGK)

      - against -                  **MEMORANDUM OPINION**
                                                                **AND ORDER**

**A. NITTI-RICHMOND, C.O., et al.,**

                    **Defendants.**
-----------------------------------------------

**JOHN G. KOELTL, District Judge:**

     The pro se plaintiff, Robert Mason, brought this action pursuant to 42 U.S.C. § 1983 against ten defendants, alleging that excessive was force used by the defendants during the plaintiff's incarceration at the Downstate Correctional Facility ("Downstate").

     To date, only defendants Wilkie, Zurawik, and Bakall (collectively, the "served defendants") have been served and have requested representation by the New York State Attorney General's Office.  Despite the summons and complaint issuing as to all defendants on August 19, 2009, the remaining seven defendants (collectively, the "unserved defendants"), have not been served.  The defendants move to revoke the plaintiff's in forma pauperis ("IFP") status and conditionally dismiss the Complaint pursuant to 28 U.S.C. § 1915(g).  The defendants also move to dismiss the Complaint pursuant to Rule 12(b)(5) of the

Federal Rules of Civil Procedure for lack of timely service under Rule 4(m).

I.

The defendants move to revoke the plaintiff's IFP status pursuant to the "three strikes rule" of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). Section 1915(g) prohibits prisoners from filing in forma pauperis in federal court if they have previously brought three or more actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. In support of their motion, the defendants have submitted docket sheets detailing prior actions filed by the plaintiff.

The Court takes judicial notice of the facts set forth in the submitted docket sheets because they are not subject to "reasonable dispute" and such information is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); see also Staehr v. Hartford Fin. Servs. Group, Inc., 547 F.3d 406, 426 (2d Cir. 2008) ("[M]atters judicially noticed by the District Court are not considered matters outside the pleadings."). In the context of motions to revoke IFP status, district courts routinely take judicial notice of docket sheets

2

in order to resolve the question of how many "strikes" the plaintiff may have for purposes of § 1915(g).  See, e.g., Word v. Annucci, No. 09 Civ. 8983, 2010 WL 2179954, at *1 n.2 (S.D.N.Y. May 27, 2010); Massey v. Fischer, Nos. 08 Civ. 6098, 09 Civ. 5911, 2010 WL 234999, at *2 (S.D.N.Y. Jan. 19, 2010); Rodriguez v. Goord, No. 9:06 Civ. 1288, 2009 WL 3122951, at *2 (N.D.N.Y. Sept 28, 2009); Hartnett v. Tetreault, No. 9:07 Civ. 952, 2009 WL 2971576, at *3 (N.D.N.Y. Sept. 11, 2009).  The Second Circuit Court of Appeals recently confirmed that district courts may rely on docket sheets as evidence of the disposition of cases if the docket sheets indicate with "sufficient clarity" that the prior suits were dismissed on the grounds outlined in § 1915(g).  Harris v. City of New York, No. 09-0081-pr, 2010 WL 2179151, at *5 (2d Cir. June 2, 2010) (affirming district court's dismissal of complaint pursuant to § 1915(g) based on docket sheets).

Sections 1915(e)(2)(B) and 1915A grant courts the authority to dismiss on their own motion a claim or appeal that is frivolous, malicious, or fails to state a claim.  Therefore, if a docket sheet indicates that a court dismissed a claim or appeal and cited to §§ 1915(e)(2)(B) or 1915A, its dismissal is attributed to those deficiencies, which are also defined as "strikes" pursuant to § 1915(g).  See, e.g., Hartnett, 2009 WL 2971576, at *3; Chavis v. Curlee, No. 9:06 Civ. 49, 2008 WL

3

508694, at *2 (N.D.N.Y. Feb. 21, 2008) ("The Docket Sheet does not expressly state whether the dismissal was for frivolousness, maliciousness or merely failure to state a claim.  However, clearly the dismissal was for one of those three reasons since the Order of Dismissal expressly cited 28 U.S.C. § 1915.").

Despite the plaintiff's claim that he has filed no other cases in federal court while incarcerated (Compl. 6), the plaintiff has at least three dismissals that qualify as "strikes" under § 1915(g).

First, in Mason v. DOCS-New York State, No. 9 Civ. 1588, slip op. (E.D.N.Y. Apr. 28, 2009), Judge Ross dismissed the plaintiff's case pursuant to § 1915A for failure to state a claim.  (Wen Decl. Ex. B.).

Second, in Mason v. Fisher, No. 7 Civ. 790, slip op. (W.D.N.Y. Apr. 22, 2008), Judge Arcara dismissed some of the plaintiff's claims on the court's own motion pursuant to §§ 1915(e)(2)(B)(ii) and 1915A and directed that the remainder of the claims would be dismissed pursuant to § 1915(e)(2)(B) unless the plaintiff filed an amended complaint by May 20, 2008.  (Wen Decl. Ex. C.).  Judge Arcara also warned the plaintiff that "his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of [PLRA]."  Id.  Judge

4

Arcara later dismissed the remainder of the plaintiff's claims with prejudice.  (Docket No. 4, Wen Decl. Ex. C.)

Third, in Allah v. Goord, No. 6-4973-pr, slip op. (2d Cir. May 17, 2007), which lists the plaintiff as one of the three appellants, the Second Circuit Court of Appeals denied the appellants' motion for appointment of counsel and dismissed the appeal pursuant to § 1915(e) "because it lack[ed] an arguable basis in fact or law."  (Wen Decl. Ex. E.).

In addition, in Mason v. Goord, No. 05 Civ. 3485, slip op. (W.D.N.Y. March 31, 2008), Judge Skretny dismissed the complaint by Mr. Mason and another plaintiff pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  (Wen Decl. Ex. D.)  See Tafari v. Hues, 473 F.3d 440, 442 (2d Cir. 2007) ("The phrase [in § 1915(g)] 'fails to state a claim upon which relief may be granted' is an explicit reference to Fed. R. Civ. P. 12(b)(6).").

The plaintiff therefore has at least three stikes against him and pursuant to 28 U.S.C. § 1915(g), he should not be permitted to proceed in forma pauperis unless he is under "imminent danger of serious physical injury."  However, the exception only applies to danger existing at the time the complaint is filed.  Malik v. McGinnis, 293 F.3d 559, 562-63 (2d Cir. 2002).  The plaintiff has failed to make such a showing. Indeed, the plaintiff undercuts any such claim because he

complains about actions that occurred while he was incarcerated at Downstate, and he is now incarcerated at Upstate Correctional Facility.  Cf. Salahuddin v. Goord, 467 F.3d 263, 272 (2d Cir. 2006) ("[A]n inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility.")

Because the plaintiff has at least three strikes against him as defined by § 1915(g), the defendants' motion to revoke the plaintiff's IFP status is granted.  As a result, the plaintiff's Complaint is **conditionally dismissed**, unless the plaintiff pays the entire filing fee by **July 26, 2010**.


II.

The served defendants also move on behalf of the unserved defendants for dismissal pursuant to Rule 12(b)(5) for lack of timely service under Rule 4(m).  Rule 4(m) authorizes a court, on a motion by a party, to dismiss an action without prejudice as against a defendant if service of the summons and complaint is not made upon that defendant within 120 days after the filing of the complaint.  This Rule also authorizes courts to dismiss an action on its own motion, provided that the court first gives notice to the plaintiff.  See Fed. R. Civ. P. 4(m); see also Gowan v. Teamsters Union (237), 170 F.R.D. 356, 359-60 (S.D.N.Y. 1997) (dismissing action filed by a pro se and in forma pauperis

6

plaintiff pursuant to Rule 4(m)); Schuster v. Nassau County, No. 96 Civ. 3635, 1999 WL 9847, at *1 (S.D.N.Y. Jan. 11, 1999).

It is unnecessary to reach this issue because this action is being conditionally dismissed unless the plaintiff pays the entire filing fee by July 26, 2010.  If the plaintiff does pay the entire filing fee by that date, the Court will extend the time for service of the summons and complaint on all defendants until **August 27, 2010**.  If the plaintiff pays the entire filing fee and fails to serve the unserved defendants by that date, the Complaint may be dismissed against them without prejudice pursuant to Rule 4(m), in which event the plaintiff will have no trial against those defendants.  The plaintiff can contact the Pro Se Office of this Court for any assistance he may need.


CONCLUSION

For all of the foregoing reasons, the defendant's motion to revoke the plaintiff's IFP status is **granted**.  Accordingly, the plaintiff's Complaint is **conditionally dismissed** as to all defendants--served and unserved--, unless the plaintiff pays the entire filing fee by **July 26, 2010**.  The served defendants' motion to dismiss pursuant to Rule 12(b)(5) is **denied as moot.** If the plaintiff pays the fee and wishes to proceed against the unserved defendants, he should effect service upon the unserved defendants by **August 27, 2010**, or this action may be dismissed

7

without prejudice as to the unserved defendants for failure to serve those defendants pursuant to Rule 4(m). The Clerk is directed to close Docket No. 6.

SO ORDERED.

Dated:   New York, New York
         June 24, 2010

                                          _____
                                                  John G. Koeltl
                                            United States District Judge